1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONY ELKIES *et al.*; | ) Case No. 2:17-cv-7320-GW(JEMx) |
| Plaintiffs, | ) <u>CLASS ACTION</u> |
| vs. | ) [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER |
| JOHNSON & JOHNSON SERVICES, INC., *et al.*, | |
| Defendants. | |

WHEREAS, Plaintiffs[1] in the action entitled *Elkies v. Johnson & Johnson Services, Inc.*, filed on October 5, 2017, in the U.S. District Court for the Central District of California and assigned Case No. 2:17-cv-7320-GW(JEMx) and Defendants have entered into a Stipulation of Settlement, filed September 19, 2019, after arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class Is Conditionally Certified**

1.    Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies the following Class:

> All individuals in the United States who purchased Infants' Tylenol for personal or household use since October 3, 2014 until ▬▬▬ (the date notice of this Settlement to the Class is first published). Specifically excluded from the Class are (a) Defendants, (b) the officers, directors, or employees of Defendants and their immediate family, (c) any entity in which Defendants have a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendants, (e) all federal court judges who have presided over this Action and their immediate family; (f) all persons who have submitted a valid request for exclusion from the Class; and (g) those who purchased the Challenged Product for the purpose of resale or for use in a business setting.

2.    With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including: (a) numerosity; (b)

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiffs in the Action, Danielle Alfandary and Rony Elkies, as the class representatives.

4. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints the law firms of Milstein Jackson Fairchild & Wade, LLP and Heideman Nudelman & Kalik, P.C., as Class Counsel.

**B.  The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

5. The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on _____, at _____ a.m./p.m., in the Courtroom of the Honorable George H. Wu, United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California 90012, Courtroom 9D, for the following purposes:

(a) finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class should be certified for purposes of effectuating the settlement;

(b) determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

(c) considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

(d) considering the applications of Plaintiffs for class representative service awards, as provided for under the Stipulation;

(e) considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

(f) considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

(g) ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may continue or adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members.

9. The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10. Plaintiffs' applications for attorneys' fees, costs and incentive awards must be filed no later than 21 days before the deadline for Class Members to object, opt out or make claims under the Stipulation. All further papers in support of the settlement and any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the Final Approval Hearing.

**C.    The Court Approves the Form and Method of Class Notice**

11.    The Court approves, as to form and content, the proposed Publication Notice and Class Notice (collectively the "Notice"), which are Exhibits C and E, respectively, to the Amended Stipulation of Settlement.  The Court further approves, as to form and content, the Claim Form attached as Exhibit F to the Amended Stipulation of Settlement.  The Court further approves, as to form and content, the Press Release, attached as Exhibit 2 to the Parties Joint Report filed on October 24, 2019.

12.    The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13.    The Court approves the designation of Kurtzman Carson Consultants LLC ("KCC") to serve as the Court-appointed Claim Administrator for the settlement.  The Claim Administrator shall cause the Publication Notice to be published, disseminate Class Notice, and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

14.    The Court directs the Claim Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online, by mail, or by facsimile, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Stipulation.  The Class Notice and Claim Forms shall be made available to Class Members through the Settlement Website on the date notice is first published and continuously thereafter through the Effective Date (and on the websites of Class Counsel at their option during the

1  same period).

2  15. The Claim Administrator is ordered to complete publication of the Publication Notice no later than 30 days after Preliminary Approval.

4  16. The costs of Notice, processing of claims of Class Members, creating and maintaining the Settlement Website, and all other Claim Administrator and Notice expenses shall be paid by JJCI in accordance with the applicable provisions of the Stipulation.

### D. Procedure for Class Members to Participate in the Settlement

17. The Court approves the Parties' proposed Claim Form. Any Class Member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator during the Claim Submission Period set forth in the Stipulation, which date will be specifically identified in the Claim Form. Such deadline may be further extended without notice to the Class by written agreement of the Parties.

18. The Claim Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

19. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction. All Class Members who do not enter an appearance will be represented by Class Counsel.

### E. Procedure for Requesting Exclusion from the Class

20. All Class Members who do not timely exclude themselves from the Class shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

21. Any person or entity falling within the definition of the Class may, upon his, her or its request, be excluded from the Class. Any such person or entity must submit a request for exclusion to the Clerk of the Court c/o the Class Action

Administrator, postmarked or delivered no later than 28 calendar days prior to the date of the Final Approval Hearing, the date for which will be specifically identified in the Publication Notice and Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons/or entities are prohibited and will be deemed to be void.

22. Any Class Member who does not send a signed request for exclusion postmarked or delivered on or before the time period described above will be deemed to be a Class Member for all purposes and will be bound by all judgments and further orders of this Court related to the settlement of this Action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person or entity is a member of the Class. All persons or entities who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23. A list reflecting all requests for exclusion shall be filed with the Court by Class Counsel at or before the Final Approval Hearing.

### F.  Procedure for Objecting to the Settlement

24. Any Class Member wishing to object to or oppose the approval of this Settlement, the motion for the service award to Plaintiffs and/or the Fee and Cost Applications shall file with the Court a written objection no later than twenty-eight (28) days before the date of the Final Approval Hearing. The objecting Class Member must send a copy of the written objection and supporting documents to the counsel listed in ¶X(M) of this Stipulation. The objection must contain:

(a)  The name of this Action;

(b)  The objecting Class Member's full name, address, email address (if

available) and signature (a Class Member's attorney's signature is not sufficient);

(c) A written statement containing all grounds for the objection, accompanied by any legal support known to the objecting Class Member or his or her counsel and any supporting papers, evidence and/or documents;

(d) A statement of the objecting Class Member's membership in the Class, including all information required by the Claim Form;

(e) The identity of all counsel who represent the objecting Class Member, including any former or current counsel who may be entitled to compensation for any reason relating to the objection;

(f) A statement confirming whether the objecting Class Member or any counsel representing the objecting Class Member intends to personally appear and/or testify at the Final Approval Hearing;

(g) A detailed list of any other objections submitted by the objecting Class Member and/or his/her counsel, to any class actions submitted in any court in any jurisdiction within the United States in the previous five (5) years. If the Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the written objection to this Settlement; and,

(h) A list of persons who may be called to testify at the Final Approval Hearing in support of the objection.

Any Class Member who fails to timely file and serve a written Objection containing all of the information listed in (a) through (h) of the previous paragraph shall not be permitted to object to the Settlement and shall be foreclosed from

seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

25. If any objection is received by the Settlement Administrator, but not filed with the Court, the Settlement Administrator shall forward the Objection and all supporting documentation to Class Counsel and Counsel for Defendants. The failure of the Class Member to file the written objection with the Court shall be grounds for striking and/or overruling the objection, even if the objection is submitted to the Settlement Administrator.

26. A Class Member who objects to the settlement may also submit a Claim Form on or before the deadline to do so, which shall be processed in the same way as all other Claim Forms. A Class Member shall not be entitled to an extension to the deadline to submit a Claim Form merely because the Class Member has also submitted an objection.

27. Class Counsel will file with the Court his briefs in support of Final Approval, the requested service awards for Plaintiffs and an application for attorneys' fees and costs no later than twenty-one (21) days before the deadline for Class Members to object to the Settlement.

28. Class Counsel and/or Defendants have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting member of the Class or to the individually-hired attorney for the objecting member of the Settlement Class; to Class Counsel; and to Defendants' Counsel.

1       IT IS SO ORDERED

2

3     DATED: _____       _____

4                                                                   THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE