JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONY ELKIES, DANIELLE ALFANDARY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON SERVICES, INC.; JOHNSON & JOHNSON CONSUMER INC.,<br><br>Defendants. | Case No. CV 17-7320-GW-JEMx<br><br><u>CLASS ACTION</u><br><br>**FINAL SETTLEMENT ORDER AND JUDGEMENT** |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Amended Stipulation of Settlement dated October 18, 2019 ("Amended Stipulation") (Dkt. 169-1), attached hereto as Exhibit A, and all capitalized terms used herein shall have the same meanings as set forth in the Amended Stipulation unless set forth differently herein. The terms of the Amended Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members who do not timely exclude themselves from the Class. The list of excluded Class Members was filed with the Court on May 4, 2020 and is attached as Exhibit B.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Class:

> All individuals in the United States who purchased Infants' Tylenol for personal or household use since October 3, 2014 until January 6, 2020. (the date notice of this Settlement to the Class was first published). Specifically excluded from the Class are (a) Defendants, (b) the officers, directors, or employees of Defendants and their immediate family, (c) any entity in which Defendants have a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendants, (e) all federal court judges who have presided over this Action and their immediate family; (f) all persons who have submitted a valid request for exclusion from the Class; and (g) those who purchased the Challenged Product for the purpose of resale or for use in a business setting.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5. For settlement purposes only, the Court finds:

    (a) Pursuant to Federal Rule of Civil Procedure 23(a), Rony Elkies

and Danielle Alfandary are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Rony Elkies and Danielle Alfandary as class representatives;

(b) The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the First Amended Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

(c) Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6. Persons or entities who filed timely exclusion requests are not bound by this Judgment or the terms of the Amended Stipulation and may pursue their own individual remedies against Defendants. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Amended Stipulation. The list of persons and entities excluded from the Class because they filed timely and valid requests for exclusion is attached hereto as Exhibit B.

7. The Court directed that notice be given to Class members by publication and other means pursuant to the notice program proposed by the Parties in the Amended Stipulation and approved by the Court. (Dkt. 172 ¶¶ 11–16.) The declaration from Kurtzman Carson Consulting (KCC), attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order, Dkt. 172. The Class Notice advised Class members of the terms of

the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8. The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Amended Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Honorable Charles W. "Tim" McCoy (retired). The Court has considered any timely objections to the Settlement and finds that such objections are without merit and should be overruled. Approval of the Amended Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10. Upon the Effective Date, the named Plaintiffs and each Class Member other than those listed on Exhibit B shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendants from any and all claims, demands, rights, causes of action, suits, petitions, complaints, damages of any kind, liabilities, debts, punitive or statutory damages, penalties, losses and issues of any kind or nature whatsoever, asserted or unasserted, known or unknown (including, but not limited to, any and all claims relating to or alleging deceptive or unfair business practices, false or misleading advertising, intentional or negligent misrepresentation, negligence, concealment, omission, unfair competition, promise without intent to perform,

unsuitability, unjust enrichment, and any and all claims or causes of action arising under or based upon any statute, act, ordinance, or regulation governing or applying to business practices generally, including, but not limited to, any and all claims relating to or alleging violation of Cal. Bus. & Prof. Code § 17200 et seq.; Cal. Bus. & Prof. Code § 17500 et seq.; Cal. Civ. Code § 1750 et seq., arising out of or related to the Action, including the alleged false advertising at issue in the Action, that were asserted or reasonably could have been asserted in the Action by or on behalf of all Releasing Parties, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, against any Released Party (the "Released Claims").

11. All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Amended Stipulation.

12. The Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and assisted their counsel. Their efforts have produced the Amended Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Plaintiff Elkies is entitled to a service award of $4,000. Plaintiff Alfandary is entitled to a service award of $4,000. Class Counsel is entitled to reasonable attorneys' fees, which the Court finds to be $2,083,950, and expenses in the amount of $357,917. Claims administrator Kurtzman Carson Consultants, LLC is entitled to $516,000 for settlement administration costs.

13. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

14. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Amended Stipulation, and all matters ancillary thereto.

15. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby

1 directed to enter this Judgment forthwith.

2     16. The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Amended Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Amended Stipulation.

    IT IS SO ORDERED.

DATED: June 22, 2020

    *[signature]*
HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE